

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

.J01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 19, 1983

Honorable W. C. McDonald
Pecos County Attorney
Courthouse
Fort Stockton, Texas    79735

Opinion No. JM-100

Re: Construction of section 2(e)
of the Open Meetings Act, article
6252-17, V.T.C.S.

Dear Mr. McDonald:

You have requested our opinion regarding the proper construction of section 2(e) of article 6252-17, V.T.C.S., the Open Meetings Act. That section provides:

> Private consultations between a governmental body and its attorney are not permitted except in those instances in which the body seeks the attorney's advice with respect to pending or contemplated litigation, settlement offers, and matters where the duty of a public body's counsel to his client, pursuant to the Code of Professional Responsibility of the State Bar of Texas, clearly conflicts with this Act.

Clearly, a governmental body may meet in executive session with its attorney in any instance in which it seeks the attorney's advice "with respect to pending or contemplated litigation [or] settlement offers." We must determine, however, the scope of the following:

> Matters where the duty of a public body's counsel to his client, pursuant to the Code of Professional Responsibility of the State Bar of Texas, clearly conflicts with this Act.

Canon 4 of the Texas Code of Professional Responsibility, article 320a-1, V.T.C.S., Title 14, Appendix A, article 12, section 8, provides that "[a] lawyer should preserve the confidences and secrets of a client." Professor Wigmore's definition of the attorney-client privilege is perhaps the most frequently quoted:

> (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such (3) the communications relating

> to that purpose, (4) made in confidence (5) by the client, (6) are at [the client's] instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

8 Wigmore, Evidence §2292, at 554. The classic case law definition of the privilege is that articulated by the court in United States v. United Shoe Machinery Corp., 89 F.Supp. 357, 358-59 (D. Mass. 1950):

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

This definition, as well as the Wigmore formulation of the privilege, was cited with approval by the Fifth Circuit in In re Grand Jury Proceedings, 517 F.2d 666, 670 (5th Cir. 1975).

The crux of these requirements for purposes of section 2(e) is that the communication must be related to an opinion on law or legal services or assistance in some legal proceeding. Thus, a governmental body may hold an executive session to seek or receive the advice of its attorney only with regard to matters in which it seeks the attorney's legal advice or with regard to matters which relate to a specific pending or contemplated legal proceeding. If the discussion does not relate to a specific legal proceeding, the closed door discussion with the attorney must be limited to legal matters. General discussion of policy, unrelated to legal matters, is not permitted under the language of section 2(e) merely because an attorney is present.

## S U M M A R Y

> Pursuant to section 2(e) of article 6252-17, V.T.C.S., the Open Meetings Act, a governmental body may meet with its attorney in executive session only with respect to pending or

contemplated litigation or settlement offers, or to seek or receive the attorney's advice with regard to legal matters. General discussion of policy, unrelated to legal matters, is not permitted merely because an attorney is present.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton